IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARK CHAPMAN HARRIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:12-CV-260-RWS |
| MICHAEL BERRY, WARREN : | |
| SILBERMAN, STEPHEN : | |
| GOODMAN, SANDY CLYMER, : | |
| BRAD SHEEHAN, JAMES : | |
| BRIMBERRY, EXPRESSJET : | |
| AIRLINES, TERRY SATURDAY, : | |
| THE ATLANTIC SOUTHEAST : | |
| AIRLINES, MASTER : | |
| EXECUTIVE COUNCIL OF THE : | |
| AIRLINE PILOTS : | |
| ASSOCIATION, and FEDERAL : | |
| AVIATION ADMINISTRATION : | |
| AND ITS ADMINISTRATOR, : | |
| MICHAEL HUERTA, : | |
| : | |
| Defendants. : | |

**ORDER**

On November 5, 2012, Magistrate Judge James Clay Fuller entered an Order [2] permitting Plaintiff to proceed in forma pauperis in this action. The case was then referred to the Senior District Judge William C. O'Kelley for a frivolity determination. On November 6, 2012, the case was then reassigned to

the undersigned.  The case is also before the Court on Plaintiff's Motion to Certify Class [4], Plaintiff's Motion to Submit Documents Into Evidence [5], Plaintiff's Motion for Emergency Appeal of Medical Certification [8], Plaintiff's Motion to Add Parties [9], Plaintiff's Amended Appeal of Medical Certification [10], Plaintiff's Emergency Motion to Appoint Counsel [13], Plaintiff's Motion to Dismiss Claim Against Defendant Moak [14], Plaintiff's Motion to Compel [17], Plaintiff's Motion for Sanctions [18], Plaintiff's Motion to Appoint Counsel [19], Plaintiff's Motion for Expedited Appeal of Medical Certification [20], Plaintiff's Motion for Summary Judgment [21], the Federal Aviation Administration's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [25], Plaintiff's Motion to Withdraw Appeal [28], Plaintiff's Emergency Motion for Declaratory Judgment [29], Plaintiff's Motion for Contempt [30], and Plaintiff's Motion for Alternative Service [31].  After reviewing the record, the Court enters the following order.

## Discussion

### I.     Frivolity

Plaintiff's Complaint [3] was filed on November 5, 2012.  The Complaint names four Defendants in their individual capacities: Michael Berry, Warren

Silberman, Stephen Goodman, and Sandy Clymer.  The Complaint appears to set forth six claims: (1) a claim under 42 U.S.C. § 1983 for deprivation of his civil rights; (2) a claim under the Freedom of Information Act, 5 U.S.C. § 552; (3) a claim under the Privacy Act, 5 U.S.C. § 552a; (4) a claim under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et seq.; (5) a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; and (6) a claim for retaliation, although the Complaint does not state under which federal retaliation statute Plaintiff's claim is based.

On April 24, 2013, Plaintiff filed what is styled as an "Amended Complaint."  The Amended Complaint names three individuals - Brad Sheehan, James Brimberry, and Terry Saturday - and three entities - ExpressJet Airlines, Atlantic Southeast Airlines, and the Master Executive Council of the Airline Pilots Association.  The Court notes that none of the Defendants named in the Complaint are named in the Amended Complaint.  The Amended Complaint sets forth six causes of action: (1) negligence; (2) breach of contract; (3) invasion of privacy; (4) denial of fair representation; (5) breach of fiduciary duty; and (6) negligent infliction of emotional distress.  The Court notes that

none of the causes of action alleged in the Complaint appear in the Amended Complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4

Because Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Given the current state of the pleadings in this case, it is impossible for the Court to conduct a frivolity review at this time. The Court is unable to exactly determine the causes of action that Plaintiff intends to assert and against whom those claims are asserted. As such, Plaintiff is ORDERED to file a Second Amended Complaint that incorporates all the causes of action against all the Defendants that Plaintiff wishes to pursue at this time within thirty days of the date of this order. The Court will then review the Second Amended Complaint for frivolity and determine at that time which claims shall proceed.

## II.    Motion to Certify Class Action [4]

Plaintiff has also filed a Motion to Certify Class Action [4] and requests that the Court certify this case as a class action suit. Plaintiff states that

hundreds of others have fallen victim to the alleged scheme. Federal Rule of Civil Procedure 23(a) provides the following:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Given that Plaintiff is proceeding pro se and is unskilled in the law, the Court finds that he cannot adequately represent the interests of other parties in the class. As such, Plaintiff's Motion to Certify Class Action [4] is DENIED.

### III.  Motion to Submit Documents Into Evidence [5]

Plaintiff has filed a Motion to Submit Documents Into Evidence [5]. Since this case is only before the Court for a frivolity determination, the submission of documents into evidence is premature at this time. Also, if Plaintiff wishes to submit evidence into the record, Plaintiff may do so as Exhibits attached to pleadings filed. As such, Plaintiff's Motion to Submit Documents Into Evidence [5] is DENIED.

### IV.  Motion for Emergency Appeal of Medical Certification [8], Plaintiff's Amended Appeal of Medical Certification [10], Motion for

**Expedited Appeal of Medical Certification [20], Motion to Withdraw Appeal [28]**

Plaintiff has filed four motions which all relate to an appeal of his medical certification [8, 10, 20 and 28]. In the last motion filed, Plaintiff states that he is withdrawing the appeal of his medical certification [28]. In any event, since this case is before the Court for a frivolity determination, these motions [8, 10, 20, and 28] are untimely and are DENIED as MOOT.

**V.     Motion to Add Parties [9], Motion to Dismiss Claims Against Defendant Moak [14], and Federal Aviation Administration's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [25]**

Plaintiff has moved to add two defendants, Michael Huerta and the Federal Aviation Administration [9]. Plaintiff has also moved to dismiss the claims against Defendant MOAK [14]. The Court notes that it does not appear that MOAK is a Defendant in this action. However, since the Court is ordering Plaintiff to file a Seconded Amended Complaint in which Plaintiff can name all parties against which he is asserting a claim, Plaintiff's Motion to Add Parties [9] and Plaintiff's Motion to Dismiss Claims Against Defendant Moak [14] are DENIED as MOOT.

7

The clerk has issued summons as to Michael Huerta and the Federal Aviation Administration ("FAA") [11]. However, as Huerta and the FAA are not currently parties to this action, the clerk is DIRECTED to terminate them as defendants. Also, since the FAA has filed a Motion to Dismiss [25] that is not within the Court's jurisdiction because the FAA is not a party to this action, the clerk is DIRECTED to terminate the motion [25].

### VI. Motion to Compel [17], Motion for Sanctions [18], and Plaintiff's Motion for Contempt [30]

Plaintiff has filed multiple discovery motions in this case [17, 18, and 30]. At this time, however, the case is only before the Court on a frivolity review. The Court has not determined which of Plaintiff's claims will survive. Plaintiff's Complaint has not yet been served. Discovery has not yet begun. As such, Plaintiff's discovery motions [17, 18, and 30] are DENIED as untimely.

### VII. Emergency Motion to Appoint Counsel [13] and Motion to Appoint Counsel [19]

Plaintiff has filed two motions requesting that the Court appoint counsel to represent him in this action [13 and 19]. A civil litigant does not have the constitutional right to appointed counsel, but a court may appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Poole v. Lambert, 819

F.2d 1025, 1028 (11th Cir. 1987). The appointment of counsel is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. Plaintiff has not made a showing of exceptional circumstances here, and the Court does not believe that the facts or legal issues are so complex as to require the assistance of an appointed lawyer. As such, Plaintiff's Emergency Motion to Appoint Counsel [13] and Plaintiff's Motion to Appoint Counsel [19] are DENIED.

**VIII. Motion for Summary Judgment [21] and Emergency Motion for Declaratory Judgment [29]**

Plaintiff has moved the Court for summary judgment and entry of a declaratory judgment [21 and 29]. As stated above, Plaintiff will be filing a Second Amended Complaint within thirty days. As such, Plaintiff's Motion for Summary Judgment [21] is DENIED as untimely. As to Plaintiff's Motion for Declaratory Judgment [29], Plaintiff's request for declaratory relief appears to be a request which would be more appropriately contained in a complaint. Since Plaintiff is filing a Second Amended Complaint, this motion [29] is DENIED as MOOT.

9

**IIX.  Motion for Alternative Service [31]**

Plaintiff has requested that the Court order service of his filings by the United States Marshals [31].  The Court has not yet conducted a frivolity review of Plaintiff's complaint.  If any of Plaintiff's claims survive frivolity review, then the Court will order service of the Plaintiff's Second Amended Complaint at no expense to Plaintiff.  As such, Plaintiff's motion [31] is DENIED as MOOT.

## Conclusion

As set forth above, Plaintiff is ORDERED to file a Second Amended Complaint that incorporates all the causes of action against all the Defendants that Plaintiff wishes to pursue at this time within thirty days of the date of this order.  The Court will then review the Second Amended Complaint for frivolity and determine at that time which claims shall proceed.

Plaintiff's Motion to Certify Class Action [4] is DENIED.

Plaintiff's Motion to Submit Documents Into Evidence [5] is DENIED.

Plaintiff's motions which relate to an appeal of his medical certification [8, 10, 20 and 28] are DENIED as MOOT.

AO 72A
(Rev.8/82)

Since the Court is ordering Plaintiff to file a Seconded Amended Complaint in which Plaintiff can name all parties against which he is asserting a claim, Plaintiff's Motion to Add Parties [9] and Plaintiff's Motion to Dismiss Claims Against Defendant Moak [14] are DENIED as MOOT.

Since the FAA has filed a Motion to Dismiss [25] that is not within the Court's jurisdiction because the FAA is not a party to this action, the clerk is DIRECTED to terminate the motion [25]. The clerk is also DIRECTED to terminate Michael Huerta and the Federal Aviation Administration as parties to this action.

Plaintiff's discovery motions [17, 18, and 30] are DENIED as untimely.

Plaintiff's Emergency Motion to Appoint Counsel [13] and Plaintiff's Motion to Appoint Counsel [19] are DENIED.

Plaintiff's Motion for Summary Judgment [21] is DENIED as untimely. Plaintiff's Emergency Motion for Declaratory Judgment [29] is DENIED as MOOT.

Plaintiff's Motion for Alternative Service [31] is DENIED as MOOT.

11

**SO ORDERED**, this   11th   day of July, 2013.

_____
**RICHARD W. STORY**
United States District Judge